NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br> v.<br><br>JEFFREY LANGFORD,<br><br>    Defendant - Appellant. | No. 23-3681<br><br>D.C. No.<br>2:18-cr-00195-GW-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted February 4, 2026
Pasadena, California

Before: GRABER, BRESS, and JOHNSTONE, Circuit Judges.

Jeffrey Langford appeals the denial of his motion to suppress evidence

seized from a warranted search of his apartment ("March 12 warrant") and from a

warranted search of his cellphones ("March 19 warrant"). We have jurisdiction

under 28 U.S.C. § 1291. We review de novo the district court's denial of a

suppression motion and its application of the good-faith exception to the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

exclusionary rule, and we review for clear error the district court's factual findings. *United States v. Underwood*, 725 F.3d 1076, 1081 (9th Cir. 2013). We affirm.

1.     For the March 12 warrant, the district court did not err in denying Langford's motion to suppress because that warrant was supported by probable cause. In his affidavit, Agent Wong attested that: Langford paid for the apartment's application fee with his credit card, but the rental application used C.W.'s social security number, birth date, address, and tax return; the apartment's property manager identified a photograph of Langford as the resident of the apartment but named that person as C.W.; C.W.'s information on the rental application matched C.W.'s driver's license; on March 1, the property manager confirmed that Langford still resided in the apartment; and in Agent Wong's training and experience, identity thieves keep evidence of their crimes, including records of transactions linked to stolen identities, in their residences. Taken together, that information established "a fair probability" that Langford committed identity theft in violation of 18 U.S.C. § 1028 by using C.W.'s identification, without lawful authority, to rent the apartment and that evidence of that crime would be found in the apartment. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (noting that probable cause exists to issue a search warrant if, considering the totality of the circumstances, the affidavit supporting the warrant request establishes "a fair probability that contraband or evidence of a crime will be found in a particular place").

2.     For the March 19 warrant, the district court did not err in denying Langford's motion to suppress evidence obtained from his cellphones after that warrant's original 120-day term expired and after a magistrate judge issued an order granting the government's application for an extension of time to search the devices. The seven-month delay between the seizure of Langford's cellphones pursuant to the warrant and the subsequent search did not violate the Fourth Amendment. *See United States v. Johnson*, 875 F.3d 1265, 1276 (9th Cir. 2017) (determining that a one-year delay was not unreasonable under the Fourth Amendment). The original warrant expressly contemplated the government's extension request. That request provided sufficient reasons explaining the need for additional time, including an evidence backlog, one phone's sophisticated encryption software, and the diversion of resources to investigate a related case. Moreover, the original warrant never required the government to request an extension within the allotted time—rather, it only stated that the government "shall complete the search" within the initial 120-day period. And the government did not search the phones until it received the extension. Under the totality of the circumstances, the delay was reasonable. *See id.*

Even if the extension presented a potential Fourth Amendment problem, the good-faith exception to the exclusionary rule applies because the agents reasonably relied on the magistrate judge's order extending the March 19 warrant for an

additional 120 days. *See United States v. Leon*, 468 U.S. 897, 918 (1984). Where there is a delay between a warranted seizure and subsequent search of the seized property, suppression is justified only "to deter deliberate, reckless, or grossly negligent [police] conduct." *United States v. Jobe*, 933 F.3d 1074, 1079 (9th Cir. 2019) (citation omitted). Langford offers no evidence that the government deliberately tarried or misled the court when it requested the extension, and a reasonably well-trained officer would not have known that the extension order resulted from an allegedly unlawful delay. *See id.* It was reasonable for the agents to rely on the judgment of the government's attorneys and the magistrate judge in concluding that the order properly extended the March 19 warrant's search timeframe. *See id.* (explaining that law enforcement reasonably relied on government attorney's policy in waiting to apply for a second search warrant).

**AFFIRMED.**